UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY LEWIS, | ) | Case No. 5:09CV0056 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE PATRICIA GAUGHAN |
| | ) | (Magistrate Judge McHargh) |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Randy Lewis ("Lewis") has filed an amended petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254. (Doc. 4.)

In his amended habeas petition, Lewis raises five grounds for relief:

1) ineffective assistance of trial counsel,

2) actual innocence,

3) illegality of Ohio's "direct indictment" policy,

4) exclusion of black citizens from venire, and

5) identification testimony.

(Doc. 4, at § 12.)

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> In the case at bar, the victim of the robbery, Costos "Gus" Contos, testified that he was working as a bartender at a portable wet bar located in the lobby of the Marriott McKinley Hotel in downtown Canton, Ohio. (T. at 124; 126; 135; 150; 152). As he was serving guests, a man came up behind him and put something in his back, saying "give me the money or I'll kill you." (T. at 130; 140). The object felt like a knife or a gun to the victim. (Id.). The robber took a tip glass containing between ninety and one hundred twenty five dollars in five dollar bills. (T. at 133). Mr. Contos was unable to identify his assailant. (T. at 140-141). Nor was the victim able to state how the assailant was dressed. (Id. at 132). The only description of the assailant was that he was African-American. (Id. at 143). However, the victim did observe the assailant walk toward the restroom area of the hotel. (Id. at 128). The victim observed the individual return to the lobby at which point the victim alert the individuals at the front desk of the hotel. (Id. at 128; 131-132; 142-143).
>
> Jarrod Staho was working the front desk at the hotel at the time of the robbery. (Id. at 150). Mr. Staho testified that the victim pointed to appellant as the person who had robbed him. (Id. at 154-156). Mr. Staho testified that appellant had the hood of his sweatshirt up and looked afraid when the victim stated that he was the individual who had robbed him. (Id.). The appellant attempted to quickly exit the building. (Id.). Mr. Staho identified appellant as the individual that the victim had pointed out. (Id. at 159).
>
> Naomi Collins was also stationed at the front desk of the hotel at the time of the incident. (Id. at 173). She testified that earlier in the evening she observed appellant in the Starbucks kiosk tapping on the cash register. (Id. at 174). When she approached appellant he walked out and got into line at the front desk. (Id.). Ms. Collins testified that the victim pointed to appellant as the individual who had robbed him. (Id. at 175). Ms. Collins called out for appellant to stop, but he continued to walk out of the hotel. (Id. at 175-176). She followed appellant out of the hotel as she called 911.(Id.). Appellant turned toward Ms. Collins and lifted his shirt as if he were going to pull something out. (Id. at 176). However, as Ms. Collins did not back down,

appellant turned and ran. (Id.). Ms. Collins lost sight of the appellant around Walnut Avenue and 4th Street. (Id. at 192).

> City of Canton police officer Mike Talkington and his K-9 partner Bam were dispatched to the hotel in response to the 911 calls. Dispatch described an individual as a black male wearing a grey hooded sweatshirt with black lettering on the front as the suspect in the robbery. (T. at 220-223). Officer Talkington saw an individual matching this description while in route to the hotel. As Officer Talkington exited his cruiser, appellant turned and walked in the opposite direction. (Id. at 224). Officer Talkington got back into his cruiser to follow appellant who had now started to run. (Id. at 224-225). After shouting a warning that he would release his police dog if appellant did not stop, Officer Talkington pushed the button to activate the car door releasing his dog. (Id. at 225). After briefly losing sight of the appellant, the officer spotting appellant running. (Id. at 226). After issuing another warning, Officer Talkington gave Bam the command to apprehend the suspect. (Id.). Appellant was placed in handcuffs as other officers arrived on the scene. (Id. at 226). After securing his K-9 partner in the cruiser, Officer Talkington began to retrace the suspect's steps in the snow. (Id. at 227-228). Officer Talkington followed the footprints to a residence where he spotted a wad of money consisting of $95.00 in five dollar bills lying underneath the porch. (Id. at 230; 233). Photographs were taken before the money was placed in an evidence envelope. (Id. at 231). Officer Talkington then returned to his cruiser to transport appellant to the hospital. (Id.). Officer Kevin Sedares of the City of Canton Police Department also responded to the scene. (Id. at 203-205). After speaking with several witnesses at the hotel, Officer Sedares went to Aultman Hospital to complete his report. (Id. at 207-208). While at the hospital, Officer Sedares overheard appellant tell a nurse that "crime doesn't pay." (Id. at 209). Appellant further told the officer that he was not worried about the robbery charge "because it wasn't going to stick." (Id.).

(Doc. 11, RX 7, at 4-6; State v. Lewis, No. 2006-CA-00065, 2006 WL 3307417, at *2-*3 (Ohio Ct. App. Nov. 13, 2006).) After a jury trial, Lewis was convicted of robbery, and sentenced to eight years.

3

### A. Direct Appeal

Lewis filed a timely appeal of his conviction, and set forth the following assignment of error:

> The trial court erred and thereby deprived Appellant, Mr. Randy Lewis, of due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article One, Section Ten of the Ohio Constitution by finding him guilty, as the verdict for the charge of robbery was against the manifest weight and sufficiency of the evidence.

(Doc. 11, RX 5.) The court of appeals affirmed his conviction on Nov. 13, 2006. (Doc. 11, RX 7; Lewis,, 2006 WL 3307417.)

Lewis did not appeal this decision to the Supreme Court of Ohio.

### B. Petition for Post-conviction Relief

On April 24, 2007, Lewis filed a petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21. The petition was based on ineffective assistance of trial counsel, insufficiency of the evidence, exclusion of black citizens from venire, and actual innocence. (Doc. 11, RX 8.)

The trial court dismissed the petition for post-conviction relief, finding that the claims of the petition were claims that could have been brought on direct appeal. Thus, the claims were barred by res judicata. In addition, the court found that the petition was untimely filed, as it was filed months beyond the 180-day statutory period. (Doc. 11, RX 11.)

Lewis appealed the denial of his petition for post-conviction relief to the Ohio Court of Appeals. Lewis argued a single assignment of error:

> The trial court erred and thereby deprived the Appellant Randy Lewis of due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article One, Section Ten of the Ohio Constitution by dismissing the petition for post conviction when failure to consider the claims will result in a fundamental miscarriage of justice.

(Doc. 11, RX 13.)

The appellate court agreed that the claims of the petition for post-conviction relief were barred by res judicata. (Doc. 11, RX 16, at 4; State v. Lewis, No. 2007-CA-00358, 2008 WL 2582917, at *2 (Ohio Ct. App. June 23, 2008).) In addition, the court found that the petition did not satisfy either of the two statutory exceptions which would permit consideration of a late-filed petition. (Doc. 11, RX 16, at 4-5; Lewis, 2008 WL 2582917, at *2.)

Lewis appealed this decision to the Supreme Court of Ohio. (Doc. 11, RX 17-18.) The court denied Lewis leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Dec. 31, 2008. (Doc. 11, RX 20; State v. Lewis, 120 Ohio St.3d 1453, 898 N.E.2d 968 (2008).)

Lewis filed a timely petition for a writ of habeas corpus, and subsequently filed an amended petition. (Doc. 4.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under

5

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Lewis has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that the first four grounds of the petition have been procedurally defaulted, because Lewis did not fairly present them to the state courts. (Doc. 11, at 9-10.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's

claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on

8

which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### A.  Ineffective assistance

The first ground of the petition alleges  ineffective assistance of trial counsel. As noted by respondent, Lewis did not raise this claim on direct appeal.[1] (Doc. 11, at 9-12.) See generally doc. 11, RX 5.  Thus, his federal claim was not exhausted, and cannot be reviewed by this habeas court.  O'Sullivan, 526 U.S. at 845; Rust, 17 F.3d at 160.

Any ineffective-assistance claims that Lewis could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata will apply when a defendant who is represented by new

---

[1] Although Lewis attempted to raise several of his habeas claims in his petition for post-conviction relief, "Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings." Lundgren v. Mitchell, 440 F.3d 754, 765 (6th Cir. 2006) (quoting Seymour v. Walker, 224 F.3d 542, 555 (6th Cir. 2000).)  The Sixth Circuit has found the Ohio rule denying review of the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal, to constitute "adequate and independent" state grounds foreclosing review in subsequent federal habeas proceedings. Lundgren, 440 F.3d at 765.

9

counsel on direct appeal, as Lewis was, fails to raise the issue of ineffective assistance of trial counsel. Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Lewis raises ineffective assistance of counsel as cause to excuse his procedural default. (Doc. 14, at 2.) Ineffective assistance of counsel can serve as cause to overcome procedural default. Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 432 (6th Cir. 2006) (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)). However, an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Deitz, 391 F.3d at 809 (citing Edwards, 529 U.S. at 452).

10

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). Lewis did not properly raise this issue before the state courts, thus it cannot serve as cause.

Because Lewis has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW). The first ground of the petition has been procedurally defaulted, because Lewis did not fairly present it to the state courts.

### B. Actual innocence

The second ground of the petition alleges that Lewis is actually innocent. Lewis states: "The transcripts of the witnesses statement does not foreclose the possibility that the inconsistencies between the statement and the direct testimony would have enabled an effective cross-examination to demonstrate that the petitioner is actually innocent." (Doc. 4, at § 12.) Generally, of course, a petitioner's claim of actual innocence does not entitle him to habeas relief absent an independent constitutional violation in the criminal proceeding. Herrera v. Collins,

11

506 U.S. 390, 400 (1993); Appleman v. Turner,  52 F.3d 324, 1995 WL 218463, at *1 (6th Cir. 1995) (TABLE, text in WESTLAW) (citing Herrera).

In any event, because the claim was not raised on direct appeal (see doc. 11, RX 5), it is barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata would bar Lewis from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

Lewis raise the fundamental miscarriage of justice (actual innocence) theory to overcome his procedural default.  (Doc. 14, at 4.)  The Supreme Court has recognized a "narrow exception" to the procedural default rule "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense."  Dretke v. Haley, 541 U.S. 386, 388 (2004) (citing Murray, 477 U.S. 478).  Lewis's claim of actual innocence relates to inconsistencies in witness statements.  (Doc. 4, at § 12.)

The Sixth Circuit has noted:

12

> . . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"

Souter v. Jones, 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal citations omitted). Lewis does not point to any new reliable evidence that would tend to establish his innocence, for purposes of overcoming his procedural default. The court does not find that Lewis's arguments undermine confidence in the result of the trial, or that this is the type of "extraordinary case" contemplated by the Supreme Court. See Murray, 477 U.S. at 496.

The second ground has been procedurally defaulted.

### C. Remaining Defaulted Grounds

As noted by respondent, the third and fourth grounds of the petition were also not raised on direct appeal, see doc. 11, RX 5, and are barred by the Ohio rule of res judicata. Lott, 261 F.3d at 611-612; Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106. As discussed earlier, ineffective assistance of counsel cannot be raised as cause to excuse his procedural default. For the reasons already outlined above, these claims have been procedurally defaulted.

IV.  IDENTIFICATION TESTIMONY

The fifth ground of the petition is based on the issue of identification testimony.  The petition states:

> The only description of the assailant was that he was black[.]  A conviction based on identification testimony violates the petitioner['s] constitutional rights to due process whenever the identification procedure is so impermissibly suggestive as to rise to a very substantial likelihood of irreparable misidentification.

(Doc. 4, at [13].)

The respondent contends that "Lewis never raised this issue in state court." (Doc. 11, at 12.)  However, on direct appeal, Lewis did argue as part of his manifest weight of the evidence claim that:  "The crux of this case is the identification of Randy Lewis as the robber."  (Doc. 11, RX 5, at 11.)  The state court of appeals reviewed, and rejected, this claim.  (Doc. 11, RX 7, at 4-6; Lewis, 2006 WL 3307417, at *2-*3.  The court pointed to evidence beyond the simple fact that the robber was black.  Id.

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008).  Lewis now raises the issue as a due process violation (impermissibly suggestive identification procedure[2]), rather than as an issue of witness confusion or

---

[2] See, e.g., Manson v. Brathwaite, 432 U.S. 98 (1977) (impermissibly suggestive pre-trial photo identification).

uncertainty which was the basis of his manifest weight of the evidence argument on direct appeal.  See doc. 11, RX 5, at 9-10.  The state courts did not have the opportunity to review Lewis' claim as a due process claim.

Because the claim was not raised as such on direct appeal, it is barred by the Ohio rule of res judicata.  Lott, 261 F.3d at 611-612; Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata would bar Lewis from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The fifth ground was not properly exhausted in the state courts, and cannot serve as the basis for habeas relief.


V.  SUMMARY

The amended petition for a writ of habeas should be denied.  The first four grounds of the petition have been procedurally defaulted, because Lewis did not fairly present them to the state courts.  The fifth ground was not presented to the state courts under the same theory in which it is now presented in federal court, thus was not properly exhausted,  and has been procedurally defaulted.

15

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Oct. 22, 2010                     /s/ Kenneth S. McHargh
                                                                    Kenneth S. McHargh
                                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).