**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Randy Lewis,** | ) | **CASE NO. 5:09 CV 0056** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 18) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Randy Lewis**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was found guilty by a jury of robbery and sentenced to eight years imprisonment.  In an amended habeas petition, petitioner asserted five grounds for relief: 1) ineffective assistance of trial counsel, 2) actual innocence, 3) illegality of Ohio's "direct indictment" policy, 4) exclusion of black citizens from venire, and 5) identification testimony.

The Magistrate Judge determined that the first four grounds for relief are procedurally defaulted because petitioner did not raise these claims on direct appeal in the state court. With regard to the fifth ground for relief, the issue of identification testimony, the Magistrate Judge concluded that while petitioner raised this issue as part of his manifest weight of the evidence claim, petitioner now raises it as a due process violation.  Because the state courts did not have the opportunity to review the claim as one for due process, the Magistrate Judge found that petitioner did not properly exhaust the claim in the state court.  On this basis, it cannot be presented in federal court for habeas relief.

In his objections to the Report and Recommendation, petitioner does not attempt to show that his claims are not procedurally defaulted and/or exhausted.  Rather, petitioner argues that his third and fourth grounds for relief amount to federal crimes which need not have been presented first to the state courts.  Petitioner contends that the "direct indictment system is fundamentally

2

flawed and illegal," and this Court must hold an evidentiary hearing to determine this issue.

Petitioner's objections are not persuasive. Petitioner did not raise his third and fourth grounds on direct appeal and, consequently, they are procedurally defaulted for the reasons stated by the Magistrate Judge. Furthermore, to the extent petitioner is attempting to assert a civil rights action, he clearly challenges the constitutionality of his confinement and his sole remedy is habeas corpus. *See Smith v. Miller,* 2009 WL 2246157 (S.D.Ohio July 23, 2009) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ) ("A civil rights action is not a substitute for habeas corpus.") Because his petition consists of claims that were not presented to the state courts, it must be dismissed.

For the foregoing reasons, the Report and Recommendation is accepted and the findings and conclusions incorporated herein by reference. Accordingly, the Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/8/10